UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

VINCENT MICHAEL HOLTHAUS,

Plaintiff,

v.

DIANA EAGON, DIANE KRENZ, DOUG THOMSON, and THE HENNEPIN COUNTY SHERIFF'S DEPARTMENT,

Defendants.

---

CIVIL NO. 01-1069 (ADM/AJB)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-STW"), has filed a complaint alleging that Defendants violated his federal constitutional rights during the course of his state criminal prosecution. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, (and that it suffers from various other defects, as well). It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated June 20, 2001, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED JUL 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

**I. BACKGROUND**

Plaintiff was convicted in the state district court for Hennepin County for "vehicular homicide/ driving while under the influence." See State v. Holthaus, No. C2-99-1793 (Minn.App. 2000), 2000 WL 821607 (unpublished opinion). He was sent to prison as a result of his conviction, and he is presently incarcerated at MCF-STW.

On June 13, 2001, Plaintiff commenced the present action by filing a self-styled pleading entitled "Civil Rights Complaint (42 U.S.C. § 1983)." (Docket No. 1.) He is attempting to sue (i) the Judge who presided over his criminal case -- Defendant Diana Eagon, (ii) the Assistant Hennepin County Attorney who prosecuted his criminal case -- Defendant Diane Krenz, (iii) his criminal defense lawyer -- Defendant Doug Thompson, and (iv) "the Hennepin County Sheriff's Department."

In the "statement of claim" section of his complaint, Plaintiff alleges only that "defendants acted in concert and participation (and thus forming a conspiracy) to deprive plaintiff of his constitutional right to both due process of law and equal protection of law." (Complaint, p. 2.) Plaintiff has not cited any facts to support his broad allegation of a conspiracy. He has pleaded only that he "will be able to fully substantiate" that Defendants had "a possible relationship(s) to the alleged victim of plaintiff's criminal conviction," and that Defendants "'selectively prosecuted'" him, and caused him to be sentenced "beyond that of similarly situated offenses." (Id., at pp. 2-3.)

Plaintiff is seeking monetary damages "in excess of $50,000," plus punitive damages in an amount "now unknown."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner-plaintiff has failed to plead a claim on which relief can be granted, or seeks relief from a party who is legally immune from liability, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1) and (2). For the reasons discussed below, the Court finds that no part of Plaintiff's present complaint can survive the § 1915A initial screening process, and that this action must therefore be dismissed in its entirety.

### A. Inadequate Factual Allegations

The most obvious flaw in Plaintiff's complaint is that it does not include sufficient factual allegations to state an actionable civil rights claim. To state a cause of action under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim, because it does not allege any facts describing any specific wrongful conduct by any of the named Defendants. There are no factual allegations of any kind showing what, specifically, any of the individual Defendants is accused of having done or failed to do that allegedly violated Plaintiff's constitutional rights. In short, the complaint is merely conclusory. Because Plaintiff's complaint does not include any factual allegations attributing any particular wrongful act or omission to any of the named Defendants, it fails to state a claim on which relief can be granted.

B. Claims Are Barred By Heck v. Humphrey

Moreover, even if Plaintiff had alleged some facts showing that his constitutional rights were violated during the course of his state criminal prosecution, his present civil rights action could not go forward at this time. Because a judgment in Plaintiff's favor in the present civil rights action would cast doubt on the validity of his criminal conviction and sentence, his claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483 (emphasis added).

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

> the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In this case, Plaintiff obviously believes that Defendants somehow violated his constitutional rights during the course of his state criminal prosecution, and that his conviction and sentence are therefore invalid. According to Heck, however, civil rights claims based on constitutional improprieties that allegedly occurred during Plaintiff's criminal prosecution cannot properly be brought into federal court, unless Plaintiff first establishes in a proper forum -- i.e., a state or federal post-conviction proceeding -- that his conviction and sentence were, in fact, constitutionally invalid.

Thus, even if Plaintiff has some viable constitutional claim, he could not bring it at this time. He cannot maintain a civil action seeking damages, (or any other relief), for unconstitutional acts that allegedly caused him to be wrongly convicted and/or sentenced, without first securing an order, (presumably in a state or federal habeas corpus proceeding), which specifically invalidates his conviction and sentence. Because that pre-condition has not yet been satisfied, Plaintiff is unable to state a civil rights claim on which relief can be granted.

C. Other Defects

Finally, it should be noted that even if some actionable claim could be found in Plaintiff's complaint, (and that claim were not barred by Heck), the action still would have to be dismissed as to most (if not all) of the individual Defendants for other reasons.

Plaintiff cannot maintain a civil rights action against the judge in his criminal case, Defendant Eagon, because she is immune from suit under the doctrine of judicial immunity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (reaffirming that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions). See also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986); Hoppe v. Klapperich, 224 Minn. 224, 234 (1947) citing Stewart v. Case, 53 Minn. 62, 66 (1893).

Plaintiff also cannot maintain a civil rights action against the prosecutor in his criminal case, Defendant Krenz, because she is immune from suit under the doctrine of prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution). See also Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993); Hyland v. State, 509 N.W.2d 561, 564 (Minn. Ct. App. 1993); Erickson v. County of Clay, 451 N.W.2d 666, 669-70 (Minn. Ct. App. 1990); Brown v. Dayton Hudson Corp., 314 N.W.2d 210, 214 (Minn. 1981).

Plaintiff cannot sue Defendant "Hennepin County Sheriff's Department," because it is not a legal entity that can be sued as such. In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989). See also Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992); Bradford v. Gardner, 578 F.Supp. 382, 383 (E.D.Tenn. 1984); Cote v. Kontos, No. 88 C 4751, (N.D.Ill 1989), 1989 WL 10854 at *4; Jacobs v. Port Neches Police Dep't, 915 F.Supp. 842, 844 (E.D.Tex. 1996).

Lastly, the Court notes that defense lawyers in criminal cases -- such as Defendant Thomson -- are generally not considered to be "state actors" who can be sued in a § 1983 civil rights action. See Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976).

## III. CONCLUSION

For all the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff has failed to state any actionable claim, his motion for appointment of counsel will also be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[2] He has paid only $32.24, so he still owes $117.76. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion For Appointment Of Counsel," (Docket No. 3), be **DENIED**;

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $117.76, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: 7/30, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.