UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vincent Michael Holthaus,

Plaintiff,

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1069 ADM/AJB

v.

Diana Eagon, Diane Krenz, Doug Thomson, and the Hennepin County Sheriff's Department,

Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Vincent Michael Holthaus' Objections [Doc. No. 7] to the July 30, 2001 Report and Recommedation ("R&R") of Magistrate Judge Arthur J. Boylan [Doc. No. 6]. In the R&R, Judge Boylan recommends summarily dismissing this action. For the reasons set forth below, Judge Boylan's R&R is adopted in its entirety and Plaintiff's action is dismissed.

## II. BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Plaintiff's present objections.

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

As a prisoner seeking redress from governmental employees, Plaintiff's complaint is

FILED SEP 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 13 20
DEPUTY CLERK OM

subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. To the extent that a prisoner-plaintiff fails to plead a claim upon which relief can be granted, or seeks relief from a party who enjoys immunity from legal liability, his action must be summarily dismissed. *See* 28 U.S.C. § 1915A(b)(1)-(2). Plaintiff's complaint is unable to survive the § 1915A screening for several reasons.

At the outset, Plaintiff's complaint fails to present sufficient factual allegations to state an actionable civil rights claim. When presenting such an action under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating that the named defendants, while acting under color of state law, violated his rights secured by the Constitution and laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under § 1983 requires proof of causation and of a defendant's direct responsibility for the deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff's complaint fails to aver specific, factual allegations regarding what each named defendant allegedly did, or failed to do, in violation of Plaintiff's rights. Because Plaintiff's conclusory complaint fails to allege specific acts or omissions by defendants, it fails to state a claim upon which relief can be granted.

Furthermore, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A prisoner may not bring a civil rights action that, by implication, calls into question the lawfulness of his conviction or incarceration. *Id.* at 483. Habeas corpus is the exclusive federal remedy for a prisoner who believes he is wrongfully imprisoned. *Id.* at 481. A prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. *Id.*

Moreover, most of the individual Defendants are not proper parties in this lawsuit. Because the judge in Plaintiff's criminal case, Defendant Eagon, is immune from suit under the

doctrine of judicial immunity, Plaintiff cannot maintain this action against her. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Peirson v. Ray*, 386 U.S. 547, 553-54 (1967). Under the doctrine of prosecutorial immunity, the prosecutor in Plaintiff's criminal case, Defendant Krenz, is also immune from this suit. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Additionally, Plaintiff cannot maintain this action against the "Hennepin County Sheriff's Department" because it is not a legal entity subject to suit. *See In re Scott Co. Master Docket*, 672 F.Supp. 1152, 1163 n.1 (D. Minn. 1987); *see also Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). Finally, the defense lawyer in Plaintiff's criminal case, Defendant Thomson, cannot be considered to be a "state actor" subject to a § 1983 civil rights suit. *See Polk Co. v. Dodson*, 454 U.S. 312, 318 (1981).

Plaintiff's contentions in his Objections to the R&R are meritless. This lawsuit is dismissed.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Boylan's R&R of July 30, 2001 [Doc. No. 6] is **ADOPTED** in its entirety;

(2) Plaintiff's Objections to the R&R [Doc. No. 7] are **DENIED**;

(3) Plaintiff's "Application to Proceed Without Prepayment of Fees," [Doc. No. 2] is **DENIED**;

(4) Plaintiff's "Motion for Appointment of Counsel," [Doc. No. 3] is **DENIED**;

(5) Plaintiff's "Motion for Order for Judicial Reassignment," [Doc. No. 8] is **DENIED**;

(6) This action is **SUMMARILY DISMISSED**;

(7) Plaintiff is required to pay the unpaid balance of the Court filing fee, to wit $117.76, in accordance with 28 U.S.C. § 1915(b)(2); and

(8) For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2001

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd