**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

VINCENT MICHAEL HOLTHAUS,

Plaintiff-Appellant,

v.

DIANA EAGON, DIANE KRENZ, DOUG THOMSON, and the HENNEPIN COUNTY SHERIFF'S DEPARTMENT,

Defendant-Respondents.

Civil No. 01-1069 (ADM/AJB)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 13.) For the reasons discussed below, the Court concludes that (a) pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff should be required to pay an initial partial filing fee in the amount of $26.98, and (b) Plaintiff's IFP application should be denied.

Plaintiff is a prisoner of the State of Minnesota who is attempting to appeal the dismissal of his complaint seeking relief under 42 U.S.C. § 1983. Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) . However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he

DEC 11 2
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute, because the certified financial statement included in his IFP application shows that he has been able to make deposits to his prison trust account during the past six months, and, on average, he has been able to maintain a positive balance in that account. The average monthly deposit to his prison trust account during the past six months has been $134.88, which is greater than his average monthly balance of $18.78 during the same period. (See "Certificate" portion of Plaintiff's IFP application; [Docket No. 13].) Therefore, Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is

$26.98, ($134.88 x 20% = $26.98). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris. The remaining balance of the $105 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

The Court further finds, however, that even though Plaintiff is financially eligible for IFP status, and even though he will be required to pay the appellate filing fee in the manner prescribed by § 1915(b), his IFP application still must be denied, because his appeal is not taken in good faith. The Court determined that Plaintiff's complaint had to be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), because a judgment in Plaintiff's favor on his current civil rights claims would necessarily cast doubt on the validity of his state criminal conviction. According to Heck, Plaintiff's civil rights claims cannot be entertained in federal court unless his criminal conviction is first vacated. Plaintiff has not identified any plausible reason why his claims should not have been dismissed pursuant to Heck. While Plaintiff may believe in his own mind that he has some viable claim, the Court concludes that, from an objective perspective, he has offered no grounds for bringing any such claim into federal court at this time.[1]

Because Plaintiff has not shown any arguable basis in law or in fact for allowing his civil rights claims to be heard at this time, the Court certifies that Plaintiff's appeal is not taken in good faith. It follows that Plaintiff's application seeking leave to proceed in forma pauperis on appeal must be denied.

---

[1] Aside from the Heck defect, Plaintiff's pleading was also found to be deficient because (a) there are no factual allegations showing how, specifically, each Defendant allegedly violated Plaintiff's constitutional rights, and (b) it appears that two of the individual Defendants would have judicial or prosecutorial immunity, the third individual Defendant is not a state actor, and the fourth Defendant – Hennepin County Sheriff's Department – is not a suable entity.

Finally, because Plaintiff has not shown any plausible grounds for his current appeal, the Court finds that this appeal should be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).[2]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $26.98;

(2) Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 13), is DENIED; and

(3) Unless otherwise ordered by the Court of Appeals, Plaintiff's present appeal will be counted as a new "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: December 11, 2001

ANN D. MONTGOMERY
United States District Court Judge

---

[2] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."